IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tiki Taylor, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19-cv-5849 |
| | ) |
| Northwestern Memorial Hospital | ) |
| and Northwestern Memorial | ) |
| Healthcare, | ) |
| | ) |
| Defendants. | |

<u>Memorandum Opinion and Order</u>

Plaintiff Tiki Taylor brings the instant action against her former employer Northwestern Memorial Hospital ("NMH") and its parent Northwestern Memorial Healthcare ("NMHC") seeking damages for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendants move for summary judgment on the grounds that Plaintiff's Title VII claim is time barred. For the reasons that follow, Defendants' motion for summary judgment [33] is granted.

Title VII generally requires plaintiffs complaining of employment discrimination to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before they file suit. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1). "This rule serves the dual purpose of affording the EEOC and the employer an

opportunity to settle the dispute through conference, conciliation, and persuasion," and giving the employer notice of the charges against it. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The EEOC then gives the plaintiff notice of her right to sue, at which point the plaintiff has 90 days to file her lawsuit. 42 U.S.C. § 2000e-5(f)(1); *see also Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001). Ms. Taylor claims that she filed the instant action less than 90 days after she received actual notice of her right to sue, but Defendants disagree. A brief discussion of Ms. Taylor's filings with the EEOC is thus warranted.

Ms. Taylor visited an EEOC office and filed a charge of discrimination, No. 440-2017-04748, on July 26, 2017. She was unrepresented by an attorney at the time. The charge specifies:

> I began my employment with [NMH] on or about August 15, 2016. My most recent position was Patient Care Technician. During my employment I was subjected to harassment. On or about June 19, 2017, I was discharged. I believe I was discriminated against because of my race, black, and in retaliation, in violation of title VII .
> . . .

ECF No. 35-1 at 17. Ms. Taylor provided her street address, and she digitally signed the charge under penalty of perjury. Approximately one month later, on July 27, 2017, the EEOC mailed

2

a notice of rights to Ms. Taylor at the address she provided. ECF No. 35-1 at 20. Ms. Taylor contends she did not receive it at that time.

On January 19, 2018, Ms. Taylor went back to the EEOC "to ascertain the status of [her] charge of discrimination." ECF No. 53-1 ¶ 15. During that visit, Ms. Taylor asserts that the EEOC's intake officer advised her that she could not find the previously filed charge in the system, and that Ms. Taylor would need to file another charge to proceed with her claim. *Id.* ¶ 16–17. Ms. Taylor did so, providing the same mailing address as before. The new charge, No. 440-2018-01069, provided:

> I began my employment with Respondent on or about July 16, 2016. My most recent position was Certified Nursing Assistant ("CNA"). During my employment, I complained to Respondent. Subsequently, I was accused of incorrectly performing my job duties and discharged while non-Black employees accused of similar infractions have not been discharged. I believe I have been discriminated against because of my race, Black, and in retaliation, in violation of Title VII . . . .

ECF No. 35-1 at 22. The parties agree that the second charge included a few errors: it was filed against Northwestern Medical Group ("NMG") instead of Ms. Taylor's employer NMH, and further provided that Ms. Taylor was a CNA instead of a Patient Care

3

Technician. Nonetheless, Ms. Taylor again digitally signed the charge under penalty of perjury.

The EEOC issued a second notice of right to sue on April 22, 2019. This time, the notice was sent to Ms. Taylor's new attorney, Ryan Stephan, who had sent a letter of representation to the EEOC after Ms. Taylor filed the second charge. Mr. Stephen claims he did not receive the notice until August 6, 2019, when he requested and received a digital copy from the EEOC. The complaint in this action was filed August 30, 2019.

As a preliminary matter, I must consider which notice is operative for purposes of the 90-day limitations period. Defendants contend that Ms. Taylor was required to file her suit within 90 days of receipt of the original 2017 notice, and she cannot rely on the subsequent 2018 charge to meet the procedural prerequisites of her claim. I agree. "[I]f [a] claimant fails to file suit within the ninety-day window, the lapsed claims are not revived by including them in a second EEOC charge and restarting the process." *King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017). "To allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90-day time limit for filing lawsuits 'meaningless,' because it would allow the plaintiff to 'evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever [she] pleased.'" *Vitello v. Liturgy Training Publ'ns*, 932 F. Supp. 1093, 1098 (N.D.

4

Ill. 1996) (citation omitted). Accordingly, where a second-filed charge is "a mere re-allegation of the first EEOC charge, *i.e.,* . . . reasonably related or similar enough to be within the scope of the first charge," the 90-day deadline established based on the first charge remains applicable. *Blalock v. Bethesda Lutheran Homes & Servs., Inc.*, No. 01 C 9188, 2002 WL 31833693, at *3 (N.D. Ill. Dec. 16, 2002); *see also, e.g., Giovanni v. Megabus USA, LLC*, No. 14 C 3195, 2015 WL 6449133, at *3-4 (N.D. Ill. Oct. 23, 2015) (second EEOC charge did not resuscitate lapsed claim where it did not allege "separate and distinct events" from those alleged in first charge).

That is the case here. Both of the charges filed by Ms. Taylor allege the same events: that Ms. Taylor was discriminated against and ultimately discharged from NMH because of her race. Both charges list the sole date of discrimination as the date of her discharge: June 19, 2017. Indeed, Ms. Taylor admits that she only filed the second charge because she thought the first charge had not been recorded in the EEOC system. ECF No. 53-1 ¶¶ 24-25. Her aim, in other words, was not to complain of different or intervening conduct on the part of Defendants, but to preserve the claim she already had. Because Ms. Taylor's second charge was a mere re-allegation of her first, the first charge controls for purposes of the 90-day filing deadline.

5

Ms. Taylor contends that the time for filing a lawsuit stemming from the first charge has not lapsed because she did not receive her notice of right to sue in 2017. Where a claimant is not herself at fault for failure to timely receive a notice, "the statutory 90-day filing period commences when the plaintiff receives *actual notice* of her right to sue," the rationale being that "a claimant should not lose the right to sue because of 'events beyond his or her control which delay receipt of the EEOC's notice.'" *Bobbitt*, 268 F.3d at 538 (citations omitted).

Defendants argue that Ms. Taylor did in fact receive the notice. They point out that the notice of rights appears to have been addressed correctly, and "[t]he law presumes timely delivery of a properly addressed piece of mail." *Bobbitt*, 268 F.3d at 538. They also note that the notice was timely received by the other addressee, NMH. ECF No. 35-1 at 5 ¶ 7. In her sworn affidavit, however, Ms. Taylor contends that she "never received any communication from anyone at the EEOC as to the status of [her 2017] charge" in 2017. ECF No. 53-1 ¶ 10.[1] "[W]here receipt is categorically denied, it raises a triable issue of fact." *Gissendanner v. Gerber Grp., Inc.*, No. 01 C 5988, ECF No. 101 at

---

[1] Defendants argue that I should ignore Ms. Taylor's affidavit because it is "self-serving." But Defendants' argument is squarely foreclosed by *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013) ("[T]he term 'selfserving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgement.").

6

2-3 (N.D. Ill. Sept. 21, 2005); *see also Yehudah v. Chi. Park Dist.*, No. 97 C 5282, 1999 WL 104717, at *3 (N.D. Ill. Feb. 23, 1999) (suit not untimely where plaintiff testified he never received the EEOC notice and defendant failed to "produce[] any evidence that the Notice was actually mailed or received" other than date on notice's face). Accordingly, I decline to conclude as a matter of law that Ms. Taylor received the EEOC notice in the mail in 2017.

Defendants also assert, however, that Ms. Taylor downloaded the notice from the EEOC's online portal on June 10, 2018, and they submit in support an activity log obtained from the EEOC showing that the document was downloaded by Ms. Taylor on that date.[2] *See* ECF No. 35 ¶¶ 13-14. Ms. Taylor denies downloading the document in her affidavit. ECF No. 53-1 ¶ 30. However where, as here, delivery is shown through documentary evidence, courts

---

[2] Ms. Taylor does not object to the admissibility of this document; accordingly, I consider any such objection waived. *See Cent. States, Se. & Sw. Areas Pension Fund v. Rodriguez*, No. 18-cv-7226, 2021 WL 131419, at *1 (N.D. Ill. Jan. 14, 2021) ("[W]here a party fails to make an objection [to the admissibility of evidence], the objection is deemed waived for purposes of the motion for summary judgment."). Nevertheless, I note that courts have admitted similar public records where, as here, they are obtained through Freedom of Information Act ("FOIA") requests. ECF No. 35-1 at 49 ¶ 5; *see, e.g., Geraty v. Village of Antioch*, No. 09 C 6992, 2015 WL 127917, at *7 (N.D. Ill. Jan. 8, 2015) (admitting personnel roster maintained by the Office of the Illinois State Fire Marshal that plaintiff obtained through FOIA under hearsay exception for public records, Fed. R. Evid. 803(8), and as properly authenticated, *see* Fed. R. Evid. 901(b)(7)).

have found a non-movant's bare denial of receipt insufficient to defeat summary judgment. *See Rozycki v. Sophos Inc.*, No. 10 C 8000, 2012 WL 1565341, at *2-3 (N.D. Ill. May 2, 2012) (granting defendant's motion for summary judgment despite plaintiff's claim he had never received the EEOC notice where Post Office tracking system showed delivery of notice to plaintiff's attorney); *Powell v. Ky. Fried Chicken*, No. 09-4067, 2010 WL 1687826, at *4 (C.D. Ill. Apr. 26, 2010) (suit untimely where USPS records showed delivery ten days before plaintiff asserted in declarations she received the notice); *Mason v. United Food & Commercial Workers Int'l Unions*, No. 04 C 7148, 2006 WL 644028, at *3-4 (N.D. Ill. Mar. 7, 2006) (finding claim untimely despite plaintiff's assertion he never received EEOC notice where record established Post Office made multiple attempts at delivery). Accordingly, I conclude that Ms. Taylor received actual notice of her right to sue no later than June 10, 2018. Because her lawsuit was filed more than a year later, she failed to meet the 90-day deadline and the suit is therefore untimely.

For the foregoing reasons, the motion for summary judgment [33] is granted.

**ENTER ORDER:**

Dated: February 23, 2021

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge